IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL EDWARD VOYLES                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:13cv1030-DPJ-FKB

SCOTT MARQUARDT, et al.                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging that his right to privacy was violated by a prison official.  Presently before the Court is the motion for summary judgment filed by Defendants Scott Marquardt and K. Butler. (Defendants).[1]  Plaintiff has not responded to the motion.  Having considered the motion and Plaintiff's testimony at the *Spears* hearing, the undersigned recommends that the motion be granted.

Plaintiff is housed at the East Mississippi Correctional Facility (EMCF).  Defendant Marquardt is the president and CEO of Management & Training Corporation, which administers EMCF under contract with this Mississippi Department of Corrections.  Defendant Butler is the assistant for the Administrative Remedy Program (ARP) at EMCF.  The event upon which the complaint is based occurred on February 27, 2013.  At some point prior to that date, Plaintiff submitted an ARP grievance alleging inadequate medical treatment for Hepatitis C.  On the date in question, Butler came to the door of Plaintiff's housing zone to present him with the staff response to the grievance.  Plaintiff alleges that Butler leaned down and read the ARP response through the slot in the housing zone door

---

[1]Joyce Graham was also named as a defendant.  Ms. Graham died on June 11, 2014, as indicated by the Suggestion of Death filed herein [19].

while his cell mate and two other inmates were present. All overheard Butler read the response. Plaintiff claims that while his cell mate had prior knowledge of his condition, the other two inmates did not. According to Plaintiff, Butler's actions have adversely affected his relationships with other inmates at EMCF.[2]

As Defendants point out in their brief, "[a] prisoner has no clearly recognized constitutional right in the privacy of his medical records, particularly not in the Fifth Circuit." *Wells v. Pinion*, 2008 WL 2185329 *6 (E.D. La. May 20, 2008). Plaintiff's allegations fail to raise any claim cognizable under § 1983. For this reason, the undersigned recommends that Defendants' motion be granted.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 19th day of September, 2014.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE

---

[2] In his complaint, Voyles, who is white, alleges that the actions of Butler, who is African-American, were motivated by racial discrimination. However, at the hearing, he admitted that he had no evidence of discriminatory intent.