UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL EDWARD VOYLES                                                                      PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:13CV1030 DPJ-FKB

SCOTT MARQUARDT, ET AL.                                                                DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court on Defendants' motion for summary judgment [20]. Plaintiff Michael Edward Voyles, an inmate at the East Mississippi Correctional Facility (EMCF), brought this action pursuant to 42 U.S.C. § 1983, alleging that his right to privacy was violated by a prison official. Voyles sued Scott Marquardt, president of Management and Training Corp. (the private prison administrator of EMCF), and K. Butler, the Administrative Remedy Program (ARP) assistant. The matter was referred to United States Magistrate Judge F. Keith Ball for Report and Recommendation, and he recommended granting Defendants' motion. The Court agrees.

I.    Facts and Procedural History

Voyles suffers from Hepatitis C. In February 2013, he filed an ARP grievance complaining that he had not received adequate medical treatment. Later that month, Voyles alleges that Defendant Butler delivered the ARP response letter and read it aloud, divulging his Hepatitis C status to two nearby inmates. Compl. [1] at 4. Voyles's cellmate was also present, but he was already aware of Voyles's condition. Omnibus Hr'g Tr. [20-1] at 36. According to Voyles, Butler spoke loud enough to overcome background noise, but it appeared to him that her intent was to communicate just with him. *Id*. at 37–38. As a result of the disclosure, Voyles

claims that "inmates are partial to conversate with me for worry of my condition be contagious which is irreparable and (irremediable) in relationship [sic]." Compl [1] at 4.[1]

After referral, Judge Ball held an omnibus hearing on March 26, 2014, where he considered Voyles's testimony regarding the incident. In light of that testimony and Defendants' unopposed motion for summary judgment, Judge Ball recommended [22] dismissal of Voyles's claim for failure to raise a claim cognizable under § 1983. Specifically, Judge Ball found that "'[a] prisoner has no clearly recognized constitutional right in the privacy of his medical records, particularly not in the Fifth Circuit.'" Report and Recommendation [22] at 2 (quoting *Wells v. Pinion*, Civ. Action No. 07-6844, 2008 WL 2185329, at *6 (E.D. La. May 20, 2008)). Voyles filed a timely objection, but it was conclusory and failed to address any of the substantive legal or factual issues.

II.     Analysis

While the undersigned agrees that Voyles has not stated a claim for relief, one unpublished Fifth Circuit decision must be considered. In *Alfred v. Corrections Corp. of America*, the Fifth Circuit reversed the dismissal of a prisoner's claim that officials violated his 14th Amendment right to privacy by allowing another inmate to see his medical records, which included information about his HIV-positive status and Hepatitis B diagnosis. 437 F. App'x 281, 282–83 (5th Cir. 2011). Unlike this case, the inmate in *Alfred* had kept his conditions secret,

---

[1] Voyles also alleged in his Complaint that Butler's decision to read the response aloud was racially discriminatory, but at the omnibus hearing, he backed away from that claim. Omnibus Tr. at 37. Voyles explained that he had been coached by other inmates to include a race discrimination claim and confirmed that he had no evidence or reason to believe race discrimination actually motivated Butler's conduct. *Id.* at 40.

even from his family.  *Id*. at 283.  Though the court agreed with the lower court's holding that "prisoners have no absolute constitutional right in the privacy of their medical records," it concluded that this "says nothing about whether there is, in fact, such a right in this particular case."  *Id*. at 285 (reversing and remanding).

The precedential value of *Alfred* is hard to determine.  As noted, it was not published and is therefore not binding.  In addition, it is difficult to tell whether the court's holding would have been different had Alfred suffered from a condition less stigmatic than HIV.  The court noted that

> it remains unclear whether a disclosure that does not serve a penological interest is a constitutional violation *or* whether the disclosure *in this case* did or did not serve a penological interest.  We note that other circuits have found that disclosures *of this kind* can be constitutional violations.

*Id*. at 285–86 (emphasis added).  In the first sentence of this quote, the court left unanswered whether disclosing a medical condition without penological interest can ever violate a prisoner's right to privacy.  *Id*.  The Court then concluded that disclosure of "this kind" (*i.e.*, HIV status) might, citing cases from other circuits that dealt with HIV-positive and transsexual status.  *See Powell v. Schriver*, 175 F.3d 107, 113 (2d Cir. 1999) (finding "individuals who are transsexuals are among those who possess a constitutional right to maintain medical confidentiality"); *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001) (considering disclosure of HIV-positive status).

Voyles is not HIV positive.  And other courts have held that prisoners have no constitutional privacy interest in less stigmatic medical conditions.  *See Warren v. Epps*, Civ. Action No. 2:10CV22-MTP, 2011 WL 3349829, at *7 (S.D. Miss. Aug. 2, 2011) (dismissing prisoner's privacy claim based on physician's statements regarding his arthritic condition in front of other inmates); *Morgan v. Mississippi*, Civ. Action No. 2:07CV15-MTP, 2009 WL 1609060,

3

at *11–12 (S.D. Miss. June 8, 2009) (dismissing prisoner's privacy claim based on inmates overhearing his discussions with medical personnel about his urinary tract infections and required urinary supplies); *Barnes v. Brownlow*, Civ. Action No. 6:08cv194, 2008 WL 2704868, at *4 (E.D. Tex. July 7, 2008) (adopting Report and Recommendation; dismissing right to privacy claim where prisoner complained that nurse made him announce his medical problem (rectal bleeding) in front of other prisoners).

In *Perez v. Sheriff of Tangipahoa Parish*, the court held that a prisoner's diagnosis of Hepatitis C is not an "extremely sensitive medical condition, such as HIV, that might entitle him to the very limited constitutional protection recognized in two circuits, but not the Fifth Circuit." Civ. Action No. 10-2073, 2011 WL 1226482, at *10 (E.D. La. Feb. 28, 2011) *report and recommendation adopted*, Civ. Action No. 10-2073, 2011 WL 1212940 (E.D. La. Mar. 28, 2011). The court noted that "prisoners do not have a constitutional privacy interest in other types of medical conditions, which, even though potentially embarrassing, are not of the excruciatingly private and intimate nature of HIV and transsexualism." *Id*. at *10 (citation omitted, punctuation omitted, text modified). This Court agrees, and for that reason Voyles fails to state a claim.[2]

Alternatively, even assuming that Voyles could state a claim for violation of his privacy rights, his claim for monetary damages is barred by the physical-injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq*. In his Complaint, Voyles seeks "a financial judgment" against Defendants "as a sum in excess of maximum jurisdictional limitation

---

[2] Even if such a right exists, the claim against Defendant Marquardt must be dismissed because there is no respondeat superior liability under § 1983. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 692 (1978).

of this Court [and] adequate to reasonable compensate the plaintiff," which the Court construes as a request for compensatory damages alone.  Compl. at 4–5.

Section 1997e(e) of the PLRA provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury."  Yet it is undisputed that Voyles suffered no physical injuries.  Thus, for this additional reason, Voyles's claim for damages should be dismissed.  *See Allen v. Morgan*, 66 F. App'x 526 (5th Cir. 2003) (per curiam) (affirming dismissal of inmate's privacy claim where inmate did not show that he suffered a specific physical injury as a result of the alleged privacy violation); *see also Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries nonrecoverable, absent physical injury."); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (noting PLRA requires physical injury before a prisoner can recover for psychological damages).[3]

III.     Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [22] is adopted as the opinion of the Court and Defendants' motion for summary judgment [20] is granted.  This action is dismissed with prejudice.

---

[3] Voyles also suggested that the disclosure hindered his hair-cutting business at EMCF because inmates were worried about exposure to Hepatitis C.  Ominbus Tr. at 32.  To the extent a prisoner could seek damages for "lost business," Plaintiff did not articulate such damages in his Complaint, nor did he raise the argument in response to Defendants' motion—which addressed Voyles's inability to recover damages.

A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2014.

                                               s/ *Daniel P. Jordan III*
                                               UNITED STATES DISTRICT JUDGE